OF TEXAS



December 29, 1969

Hon. R. W. Olson, P. E.
Chairman
Texas State Board of Registration
  for Professional Engineers
Room 200, 1400 Congress Ave.
Austin, Texas  78701

Dear Mr. Olson:

Opinion No. M-545

Re: Application of Texas
    Engineering Practice
    Act (Article 3271a,
    Vernon's Civil Statute
    to the Texas Hospital
    Licensing Law (Article
    4437f, Vernon's Civil
    Statutes) and to Artic
    4442c, Vernon's Civil
    Statutes.

        Your recent letter requesting the opinion of this office
concerning the referenced matter states, in part, as follows:

        "(T)he Board respectfully requests the Attorney
General's opinion in regard to the following:

        "(1)  Are the provisions of the Texas Engineer-
ing Practice Act applicable to the State Department
of Public Health in establishing standards for the
design and construction of hospitals, nursing homes
and related institutions?

        "(2)  Is it lawful for the State Department of
Health to approve designs, plans and specifications
for the construction of any hospital, nursing home
or related institution which do not bear the seal
of a Professional Engineer licensed by the State of
Texas?

        "(3)  Is it lawful for the State Department of
Health to approve designs, plans or specifications
for the construction of hospitals, nursing homes or
related institutions involving structural, mechanical,
electrical or other Engineering principles but which
does not bear the seal of a Professional Engineer
licensed by the State of Texas?

-2601-

"(4) Is the legal effect of Sec. 20(f),
Texas Engineering Practice Act, that plans and
specifications for structures larger in height
or area than those specified in Section 20(f)
must bear the seal of a licensed Engineer?"

The Texas Hospital Licensing Law, which is Article 4437f,
Vernon's Civil Statutes, provides, in part, as follows:

". . .

"Sec. 5. The Licensing Agency (The Department
of Health) . . . shall adopt, amend, promulgate, and
enforce such rules, regulations, and minimum standards
as may be designed to further the purpose of this Act.
. . .

". . .

"Sec. 8. Upon receipt of an application for
license, . . . the Licensing Agency shall issue a
license if it finds that the applicant and the
hospital comply with the provisions of this Act,
and the rules, regulations, or standards promulgated
hereunder. . . .

"Sec. 9. The Licensing Agency shall have the
authority to deny . . . a license in any case where
it finds there has been a substantial failure to com-
ply with the . . . rules, regulations, or standards
promulgated under this Act. . . ." (Emphasis
added.)

Article 4442c, Vernon's Civil Statutes, dealing with
convalescent and nursing homes and related institutions, provides,
in part, as follows:

". . .

"Sec. 4. An application for a license shall
. . . contain such information as the Licensing
Agency (the Department of Health) requires which
may include affirmative evidence of ability to
comply with reasonable standards, rules and regula-
tions as are lawfully prescribed hereunder. . . .

". . .

"Sec. 6. The Licensing Agency . . . is au-
thorized to deny . . . the license in any case
in which it finds that there has been a substantial
failure to comply with the requirements established
under this law. . . .

"Sec. 7. The Licensing Agency is authorized to
adopt, amend, promulgate, publish and enforce minimum
standards in relation to: (a) Construction of the
home or institution . . ." (Emphasis added.)

Your first question is answered in the negative. The
foregoing quotations from the statutes make it apparent that the
Legislature intended that the Department of Health promulgate its
own standards relating to the design, construction and licensing
of hospitals, nursing and convalescent homes, and related institu-
tions. Articles 4437f and 4442c nowhere require the Department
of Health to impose the engineering standards promulgated by the
Texas State Board of Registration for Professional Engineers.
Except in regard to Sec. 19 of Article 3271a, Vernon's Civil
Statutes, which deals with public works and which will be
hereinafter discussed, the Department of Health is nowhere
required to consider the requirements of the Texas Engineering
Practice Act in regard to the approval of designs, plans and
specifications.

Your second and third questions involve the Department of
Health's right to approve designs for the construction of hospitals
and related institutions which do not bear the seal of a Professional
Engineer licensed by the State of Texas.

We assume that the "designs, plans and specifications" for
construction of hospitals and related institutions and the "struc-
tural, mechanical, electrical, and engineering principles" mentioned
in your second and third questions fall within the definition of
"practice of engineering" set forth in Section 2(5) of the Act.

Section 15 of the Act provides, in part, as follows:

"Each registrant hereunder shall upon regis-
tration obtain a seal of the design authorized by
the Board, bearing the registrant's name and the
legend "Registered Professional Engineer." Plans,
specifications, plats, and reports issued by a
registrant shall be stamped with the said seal
when filed with public authorities. . . ."
(Emphasis added.)

Thus, unless the person filing such designs with public
authorities (including the Department of Health) is exempted by
Section 20 of the Act from the provisions of that Act, the person

submitting such designs to a public authority must see to it that such designs possess the seal.

However, in view of our opinion that the Act is not applicable to the Department in establishing standards, your question must be answered in the affirmative, except in regard to public works covered by Section 19 of Article 3271a which will be discussed below. To hold otherwise would be to encroach on the right of the Department of Health to set and maintain its own standards for the construction of hospitals and related institutions. Should the Department approve a design required to have the seal but not having one, your Board is free to take appropriate disciplinary action against the person submitting such plans.

With reference to your second and third questions, a different rule applies when the conditions described in Section 19 of Article 3271a are present.

Section 19 of Article 3271a is as follows:

"After the first day of January, 1938, it shall be unlawful for this state, or for any of its political subdivisions, for any county, city, or town, to engage in the construction of any public work involving professional engineering, where public health, public welfare or public safety is involved, unless the engineering plans and specifications and estimates have been prepared by, and the engineering construction is to be executed under the direct supervision of a registered professional engineer; provided, that nothing in this Act shall be held to apply to any public work wherein the contemplated expenditure for the completed project does not exceed Three Thousand ($3,000.00) Dollars. Provided, that this Act shall not apply to any road maintenance or betterment work undertaken by the County Commissioners' Court."

Thus, if a hospital, nursing home or related institution is to cost more than Three Thousand ($3,000.00) Dollars and is to be constructed by the State or any of its political subdivisions or by a county, city, or town, the construction cannot legally proceed unless the engineering plans and specifications and estimates have been prepared by a registered professional engineer. In such a situation, since plans and specifications which are not prepared

by a registered engineer cannot be lawfully used, it is our opinion that the approval of such plans and specifications would be in contravention of the Board's responsibilities. In giving a reasonable construction to Article 4437f, we think it anticipates that the Board will only approve plans and specifications that can be used without violating Section 19 of 3271a.

Your fourth question requests a construction of Section 20(f) of the Act. That Section provides, in part, as follows:

"Sec. 20. The following persons shall be exempt from the provisions of this Act, provided that such persons are not represented or held out to the public as duly licensed and registered by the Board to engage in the practice of engineering:

". . .

"(f) A person, firm, partnership, joint stock association or private corporation, erecting, constructing, enlarging, altering or repairing, or drawing plans and specifications for: (1) any private dwelling, or apartments not exceeding eight units per building for one story buildings, or apartments not exceeding four units per building and having a maximum height of two stories, or garages or other structures pertinent to such buildings; or (2) private buildings which are to be used exclusively for farm, ranch or agricultural purposes, or used exclusively for storage of raw agricultural commodities; or (3) other buildings, except public buildings included under Section 19 of this Act, having no more than one story and containing no clear span between supporting structures greater than 24 feet on the narrow side and having a total floor area not in excess of five thousand square feet; provided that on unsupported spans greater than 24 feet on such buildings only the trusses, beams, or other roof supporting members need to be engineered or pre-engineered; provided that no representation is made or implied that engineering services have been or will be offered to the public."

Section 20 of the Act, in addition to exempting from its provisions people constructing buildings of the type set forth in

Section 20(f), supra, also exempts several other types of persons and, consequently, their engineering designs. Such excepted designs could be larger in height or area than those adverted to in Section 20(f) supra. Thus, it does not follow that a seal would be required on designs differing from those set forth in Section 20(f), supra, provided the persons designing plans for structures larger than those specified in Section 20(f), supra, do not represent or hold out to the public that they are duly licensed and registered by your Board, and provided further that they fall within an exemption in one of the other Subsections of Section 20, supra.

In view of the foregoing, it is the opinion of this office that your questions be answered as follows:

The answer to your first question is "no";

The answer to your second question is "yes", provided that Sec. 19 of Article 3271a is not applicable.

The answer to your third question is "yes", provided that Sec. 19 of Article 3271a is not applicable.

The answer to your fourth question is "no."

## S U M M A R Y

(1) The provisions of the Texas Engineering Practice Act, (Article 3271a, Vernon's Civil Statutes) are not applicable to the Department of Health in establishing standards for the design of hospitals and related institutions.

(2) The Department of Health may approve designs for hospitals and related institutions which do not bear the seal of a registered Professional Engineer licensed by the Texas State Board of Registration for Professional Engineers, provided that such designs do not fall within the purview of Section 19 of Article 3271a of Vernon's Civil Statutes, which deals with public works.

(3) Designs for structures larger in height or area than those specified in Section 20(f) of the Texas Engineering Practice Act are not required

to bear the seal of a registered Professional Engineer, provided the person creating such designs is exempt under one of the other subsections of Section 20 of the Texas Engineering Practice Act.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Austin C. Bray, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
Alfred Walker, Co-Chairman
Scott Garrison
Ralph Rash
Wardlow Lane
Arthur Sandlin

MEADE F. GRIFFIN
Staff Legal Assistant

NOLA WHITE
First Assistant